UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x

TERESA MCCOY,

                                Plaintiff,

    -against-

THE TJX COMPANIES, INC.,

                                Defendant.

------------------------------------------x

Civil Action No.:
1:21-cv-04907-VEC

**AFFIDAVIT IN SUPPORT**

Caproni, D.J.

STATE OF NEW YORK  )
                         : ss.:
COUNTY OF SUFFOLK  )

    **ALLISON C. LEIBOWITZ**, being duly sworn, deposes and says:

    1.    I am an attorney duly admitted to practice law before the Courts of the State of New York and the United States District Court, Southern District of New York.

    2.    I am a member of the firm of SIMMONS JANNACE DELUCA, LLP, attorneys for the defendant THE TJX COMPANIES INC. (hereinafter "TJX/HomeGoods") and upon review of the file maintained by this office, I am fully familiar with the facts and circumstances of this action.

    3.    This Affidavit is respectfully submitted in support of the within motion for an Order granting summary judgment pursuant to F.R.C.P. 56: dismissing plaintiff's Verified Complaint for failure to establish a *prima facie* case of negligence against TJX/HomeGoods; and (2) for such other and further relief as this

Court may deem just and proper.

**PROCEDURAL HISTORY**

4. This action was commenced by filing of a Summons and Complaint in the Supreme Court of the State of New York, County of New York, under Index Number 153619/2021 on or about April 14, 2021. A copy of the Summons and Complaint is annexed hereto as **EXHIBIT "A"**.

5. On June 3, 2021, TJX/HomeGoods filed a Notice of Removal, removing this action from the Supreme Court of the State of New York to the United States District Court, Southern District of New York. A copy of the Notice of Removal, *sans exhibits*, is annexed hereto as **EXHIBIT "B"**.

6. Issue was joined on behalf of TJX/HomeGoods on June 7, 2021. A copy of the Answer is annexed hereto as **EXHIBIT "C"**.

7. On June 7, 2021, TJX/HomeGoods served its First Set of Interrogatories upon the plaintiff. A copy of the First Set of Interrogatories is annexed hereto as **EXHIBIT "D"**.

8. On or about September 17, 2021, plaintiff served an Answer to Defendant's Initial Interrogatories. Thereafter, plaintiff served Amended Answers. Copies of plaintiff's Answer to Defendant's Initial Interrogatories and Amended Answers are respectively annexed hereto as **EXHIBIT "E"** and **EXHIBIT "F"**.

9. Plaintiff appeared for deposition on January 18, 2022. A copy of plaintiff's deposition transcript is annexed hereto as

**EXHIBIT "G"**. Photographs marked at plaintiff's deposition as Defendant's Exhibits "A" – "B" are annexed hereto as **EXHIBIT "H"**.

10. Operations Manager Joe Baglivio appeared for a deposition on behalf of TJX/HomeGoods on March 1, 2022. A copy of Mr. Baglivio's deposition transcript is annexed hereto as **EXHIBIT "I"**.

11. Store Manager Jamie Penna appeared for a deposition on behalf of TJX/HomeGoods on April 25, 2022. A copy of Ms. Penna's deposition transcript is annexed hereto as **EXHIBIT "J"**.

## AFFIDAVITS[1]

12. On August 6, 2021, Mr. Baglivio executed an affidavit. A copy of Mr. Baglivio's affidavit is annexed hereto as **EXHIBIT "K"**.

13. On August 6, 2021, TJX/HomeGoods' Sales Associate Arturo Cepeda, executed an affidavit. A copy of Mr. Cepeda's affidavit is annexed hereto as **EXHIBIT "L"**.

## STATEMENT OF FACTS

14. Plaintiff claims that on July 28, 2019, she was caused to fall after attempting to sit on a pair of stools stacked on top of each other located on the salesfloor just beyond the front entrance of the Columbus Avenue HomeGoods. (**Ex. "A"**, ¶¶ 4-5, **Ex. "F"**, ¶ 7, **Ex. "G"**, p.18, l.2-23, p.35, l.24 – p.36, l.3, **Ex. "I"**, p.11, l.19 – p.12, l.2). It is plaintiff's primary contention that

---

[1] The original affidavits of all affiants are available for submission to the Court upon request.

the stools were negligently stacked in such a fashion that they appeared to be a chair or seat and, thus, constituted a dangerous condition. (**Ex. "F"**, ¶ 3).

15. TJX/HomeGoods does not display stools for sale in the manner described by plaintiff. (**Ex. "H"**, **Ex. "I"**, p.15, l.14-23, p.16, l.3-21, **Ex. "K"**, ¶ 6, **Ex. "L"**, ¶¶ 6-7). It did not create the alleged condition, nor did it possess actual or constructive notice of its existence. (**Ex. "G"**, p.66, l.24 - p.67, l.2, p.71 l.25 - p.72, l.17, **Ex. "H"**, **Ex. "I"**, p.7, l.20 - p.9, l.2, p.15, l.14-23, p.16, l.3-21, p.22, l.14 - p.23, l.3, **Ex. "K"**, ¶ 6-11, **Ex. "L"**, ¶¶ 6-11). Indeed, the area where plaintiff fell was routinely inspected by TJX/HomeGoods' employees. More specifically, misplaced or improperly displayed stools were not observed in the area no less than 20 minutes before plaintiff's accident. (**Ex. "I"**, p.7, l.20 - p.9, l.2, p.22, l.14 - p.23, l.3, **Ex. "K"**, ¶ 7-9, **Ex. "L"**, ¶ 8).

16. Furthermore, plaintiff had ample opportunity to make reasonable use of her senses and determine that there were two stools stacked on top of each other before deciding to sit down and cause herself injury. (**Ex. "G"**, p.32, l.2-18, p.35, l.6-9, p.37, l.12 - p.39, l.2, p.45, l.20 - p.46, l.12 p.52, l.5-13, **Ex. "H"**).

17. For the sake of judicial economy, the Court is respectfully referred to the attached Statement of Facts Pursuant

4

to Rule 56.1 for a more detailed recitation of the facts, which is incorporated herein.

## ANALYSIS

18. As discussed in detail in the accompanying Memorandum of Law, which is fully incorporated herein, plaintiff cannot establish as a matter of law a claim against TJX/HomeGoods sounding in negligence. Accordingly, dismissal is warranted.

**WHEREFORE**, it is respectfully requested that this Court issue an Order granting summary pursuant to F.R.C.P. 56: (1) dismissing plaintiff's Verified Complaint for failure to establish a *prima facie* case of negligence against TJX/HomeGoods; and (2) for such other and further relief as this Court may deem just and proper.

Dated:   Hauppauge, New York
         September 2, 2022

                                    /s/ Allison C. Leibowitz
                                    ALLISON C. LEIBOWITZ