# EXHIBIT "A"

FILED: NEW YORK COUNTY CLERK 04/14/2021 11:54 AM  INDEX NO. 153619/2021
NYSCEF DOC. NO. 1                                  RECEIVED NYSCEF: 04/14/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

Teresa McCoy,

               Plaintiff,

- against -

The TJX Companies, Inc.,

               Defendants.

Index No.:

SUMMONS

Plaintiff designates New York County as the place of trial, based upon plaintiff's residence: 74 West 92nd St., NY, NY

To the above named Defendant:

    YOU ARE HEREBY SUMMONED to answer the verified complaint in this action and to serve a copy of your verified answer on the plaintiff's Attorney within twenty (20) days after the service of this summons, exclusive of the date of service, or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York; and in case you fail to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
        April 12, 2021

MICHAEL G. O'NEILL

*[signature]*

---
Attorney for Plaintiff
30 Vesey Street, Third Floor
New York, New York 10007
(212) 581-0990

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| Teresa McCoy, | Index No.: |
| Plaintiff, | |
| - against - | Complaint |
| The TJX Companies, Inc., | |
| Defendants. | |

Plaintiff, by her attorney, Michael G. O'Neill, complains against defendant as follows:

1. Plaintiff is a natural person and resides in the City, County and State of New York.

2. Defendant is, according to New York Secretary of State records, a Delaware Corporation with its executive offices in the Commonwealth of Massachusetts.

3. Defendant owns and operates a chain of retail stores trading under the name Home Goods.

4. Defendant owns and operates a Home Goods stores (the "Store") at 795 Columbus Avenue in the City, County and State of New York.

5. On about July 28, 2019, plaintiff was lawfully on the Store premises when she was caused to fall due to a display of furniture that had been negligently arranged and thereby constituted a dangerous and hazardous condition.

6. Indeed, after plaintiff fell, the manager of the store told her "you did nothing wrong, this [referring to the furniture] should not have been displayed like this."

7. Plaintiff's fall was caused solely by the negligent and reckless arrangement of

1

defendant's furniture display.

8. As a direct and proximate result of the fall, plaintiff has suffered severe, permanent and painful injuries.

9. At all times, defendant had a duty to the general public, including plaintiff, to maintain its store in a reasonably safe condition free of unreasonably dangerous hazards.

10. Defendant breached its said duty by arranging its furniture display in a negligent and dangerous manner and by failing to warn of said danger.

11. As a result of defendant's breach of its duty of care owed to plaintiff, plaintiff has suffered damages, for which defendant is liable.

WHEREFORE, plaintiff demands judgment for all relief permitted by law, including but not limited to awarding plaintiff a money judgment for her damages in excess of $75,000, awarding pre-verdict, post-verdict and prejudgment interest and costs and granting such further and additional relief as the Court deems just and appropriate under the circumstances.

Dated: New York, New York  
April 12, 2021

MICHAEL G. O'NEILL

*/s/ signature*

Attorney for Plaintiff  
30 Vesey Street, Third Floor  
New York, New York 10007  
(212) 581-099

**Jury Demand**

2

Plaintiff demands trial by jury on all issues.

Dated: New York, New York
April 12, 2021

MICHAEL G. O'NEILL

Attorney for Plaintiff
30 Vesey Street, Third Floor
New York, New York 10007
(212) 581-0990