EXHIBIT "D"

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
TERESA MCCOY,                              Civil Action No.:
                                           21-cv-04907
                    Plaintiff,
                                           **DEFENDANT'S FIRST SET
                                           OF INTERROGATORIES**
        -against-

THE TJX COMPANIES, INC.,

                    Defendant.
----------------------------------------X
```

Defendant, THE TJX COMPANIES, INC. ("TJX") by its attorneys, SIMMONS JANNACE DELUCA, LLP, submits the following Interrogatories to plaintiff, to be answered separately and fully in writing, under oath, pursuant to Rule 33 of the Federal Rules of Civil Procedure within thirty (30) days from the date of service hereof. The answers should include all information known up to the date of verification thereof. However, these interrogatories are to be deemed continuing, requiring plaintiff to submit a verified supplemental answer setting forth any additional information within thirty (30) days after receipt of such information, but no later than the time of trial.

## I. DEFINITIONS

1. "You", "your" or "plaintiff" means each of the plaintiffs in the above-captioned case.

2. "Defendant" means TJX, the defendant in the above-captioned case and each of its officers, directors, agents, servants, employees and attorneys thereof, whether employed or retained on a full-time, part-time, independent contractor or commission basis.

3. As used herein, "Person" means any individual, firm, corporation, association, organization or other entity, other than you except where the content indicates that it includes you.

4. As used herein, the words, "document" or "documents", shall mean any and all written or recorded material of any kind, including but not limited to agreements, contracts, leases, addenda, amendments, letters, correspondence, memoranda, notes, telegrams, pamphlets, reports, ledgers, records, vouchers, checks, invoices, studies, books, working papers, diaries, charts, papers, flow charts, program specifications, time cards, drawings, sketches, graphs, indices, data sheets, data processing cards, computer tapes or printouts, sound recordings, records of telephone or other conversations or meetings, telegrams, telex messages, inter-office communications, and any

writings however produced or reproduced, including any non-identical draft or copy thereof.

5. As used herein "identify" or "identity" or "describe" shall require providing the following information, as the context shall make appropriate:

    a. When used with respect to a person, plaintiff shall state the name of the person, describe the present or last known business address of that person (or the present or last known residence if plaintiff lacks knowledge of that person's present or last known business address) and describe the present or last known occupation and employer, if any, of such person. Once a person has been thus identified in answer to an interrogatory it shall be sufficient, when again identifying that person, to state only his, her or its name;

    b. When used with respect to a document, plaintiff shall, even though they may assert the attorney work product exclusion or claim privilege with respect thereto, state the date of the document, describe the general nature (e.g., letter, memorandum, photograph, computer printout, etc.) and subject matter of the document and specify:

        (i) the author or originator of the document;

        (ii) each person indicated as an addressee or copy recipient, or known by defendant to have received a copy of the document;

        (iii) the present custodian of each copy of the

document; and

    (iv) if privilege or attorney work product is claimed by plaintiff with respect thereto, sufficient particulars to evaluate said claim and contest it if necessary.

    c. When used with respect to a communication, act, event, transaction, occurrence or statement, plaintiff shall, even though he may claim attorney work product or privilege with respect thereto, state:

    (i) the date, place and substance thereof; and

    (ii) the identity of each person who participated in or who was either an eye or ear witness thereto.

    d. When used with respect to a corporation, partnership, or other business entity, plaintiff shall: (a) state its full name; (b) state its present or last known address; and (c) in the case of a corporation, set forth the county, state and date of its incorporation.

## II. INSTRUCTIONS: MODE AND DETAIL OF ANSWERS

In answering each interrogatory:

1. Identify each document and each oral communication that forms the basis, in whole or in part, for the answer given and/or which corroborates the answer or substance of that which is given, stating separately each item in accordance with the above definitions and annexing true copies of each such document.

2. State whether the information furnished is within the personal knowledge of the Affiant (plaintiff) and, if not, identify each person to whom the information is a matter of personal knowledge, if known.

3. If the answer to an interrogatory is not presently known to the Affiant (plaintiff), so state and, in addition, respond to the Interrogatory within thirty (30) days after the date on which such answer becomes known to the Affiant.

### III. INTERROGATORIES

1. State plaintiff's full name, address, date of birth and social security number.

2. Identify any witnesses to the occurrence alleged in plaintiff's complaint and all individuals who have personal knowledge of the allegations described in the complaint.

3. State each and every fact supporting plaintiff's contentions that defendant TJX was negligent as set forth in the complaint.

4. Describe in detail the special damages incurred by plaintiff as a result of the allegations contained in the complaint. Provide copies of all bills, collateral source payments and authorizations to obtain the records of persons submitting such bills to plaintiff.

5. Describe in detail the manner in which it is alleged plaintiff was caused to be injured, and identify and describe

5

any and all objects, substances or debris that directly or indirectly caused or contributed to plaintiff's injuries.

6. Identify what part or parts of the plaintiff's body came in contact with the objects, substances or debris referred to in number 5 and state what part of plaintiff's body, if any, came in contact with the ground.

7. State the exact date and time of the alleged occurrence as described in the complaint, and give the exact location of where the accident occurred on defendant's premises so that the same can be readily identified, and set forth the reasons why plaintiff could not avoid the alleged defective/dangerous condition.

8. If actual or constructive notice is claimed, state:

(a) If actual written notice is claimed, state when, where and to whom such notice was given and whether such notice was oral or written. If written notice was given, set forth a copy of that notice. If oral notice was given, set forth the substance thereof.

(b) If it is claimed that constructive notice is chargeable to this defendant, state exactly how long it is claimed that the dangerous condition existed prior to the time of the accident in terms of minutes, or hours, or days, or weeks, or months, and what constituted such notice.

9. State the nature, location, extent, duration and effect of all injuries claimed, and specify those injuries claimed to be permanent.

10. Identify any prior accidents or occurrences in which plaintiff sustained personal injuries of a nature, location, extent, duration and effect similar to those listed in response to paragraph nine (9).

11. Identify any doctors plaintiff consulted regarding any prior injuries of a nature, location, extent, duration and effect similar to those listed in response to paragraph nine (9).

12. Accurately state the length of time plaintiff was confined to home and/or bed, including the days and dates thereof.

13. State the name and address of each and every hospital, clinic or institution where any treatment or examination was rendered and length of time, if any, confined there, including the days and dates thereof. If not confined to any hospital, etc., so state. If it is claimed that the plaintiff was treated by a physician other than the one at the hospital and/or clinic, give the name and address of such physician.

14. State the nature of plaintiff's employment both currently and at the time of the accident. Also state the name and address of plaintiff's employer both currently and at the

time of the accident. State the length of time the plaintiff was incapacitated from employment.

15. Identify all persons assisting with the answers to these interrogatories.

Dated:    Hauppauge, New York
          June 7, 2021

                                  Simmons Jannace DeLuca, LLP

                                  BY: _____
                                       Mary C. Azzaretto
                                  Attorneys for Defendant
                                  THE TJX COMPANIES, INC.
                                  **Office & P.O. Address:**
                                  43 Corporate Drive
                                  Hauppauge, New York 11788-2048
                                  (631) 873-4888

TO:   Michael G. O'Neill
      Attorneys for Plaintiff
      **Office & P.O. Address:**
      30 Vesey Street, Third Floor
      New York, New York 10007
      (212) 581-0990