EXHIBIT "E"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|                                      |                           |
|--------------------------------------|---------------------------|
| Teresa McCoy,                        | 21 CV 04907 (VEC)( )      |
|     Plaintiff,   |                           |
|     - against -  | Plaintiff's Answers to    |
|                                      | Interrogatories           |
| The TJX Companies, Inc.,             |                           |
|     Defendant.   |                           |

Plaintiff responds to defendant's first set of interrogatories as follows:

1.  State plaintiff's full name, address, date of birth and social security number.

Response

Teresa McCoy, 74 W. 92nd Street, #6D, New York, NY 10025, ▮▮▮▮▮, 1957, XXX-XX-4564.

2.  Identify any witnesses to the occurrence alleged in plaintiff's complaint and all individuals who have personal knowledge of the allegations described in the complaint.

Response

Plaintiff does not know the names of any individuals who witnessed the event. For witnesses, see plaintiff's Rule 26 disclosures.

3.  State each and every fact supporting plaintiff's contentions that defendant TJX was negligent as set forth in the complaint.

1

Response

Plaintiff objects to this interrogatory on the grounds that it violates Local Rule 33.3.

4.  Describe in detail the special damages incurred by plaintiff as a result of the allegations contained in the complaint. Provide copies of all bills, collateral source payments and authorizations to obtain the records of persons submitting such bills to plaintiff.

Response

At the present time, plaintiff has not identified any special damages. Plaintiff reserves the right to amend her response to this interrogatory.

5.  Describe in detail the manner in which it is alleged plaintiff was caused to be injured, and identify and describe any and all objects, substances or debris that, directly or indirectly caused or contributed to plaintiff's injuries.

Response

Plaintiff objects to this interrogatory on the grounds that it violates Local Rule 33.3.

6.  Identify what part or parts of the plaintiff's body came in contact with the objects, substances or debris referred to in number 5 and state what part of plaintiff's body, if any, came in contact with the ground.

Response

Plaintiff objects to this interrogatory on the grounds that it violates Local Rule

2

33.3.

    7.      State the exact date and time of the alleged occurrence as described in the complaint, and give the exact location of where the accident occurred on defendant's premises so that the same can be readily identified, and set forth the reasons why plaintiff could not avoid the alleged defective/dangerous condition.

Response

Plaintiff objects to this interrogatory on the grounds that it violates Local Rule 33.3.

    8.      If actual or constructive notice is claimed, state: (a) If actual written notice is claimed, state when, where and to whom such notice was given and whether such notice was oral or written. If written notice was given, set forth a copy of that notice. If oral notice was given, set forth the substance thereof. (b) If it is claimed that constructive notice is chargeable to this defendant, state exactly how long it is claimed that the dangerous condition existed prior to the time of the accident in terms of minutes, or hours, or days, or weeks, or months, and what constituted such notice.

Response

Plaintiff objects to this interrogatory on the grounds that it violates Local Rule 33.3.

    9.      State the nature, location, extent, duration and effect of all injuries claimed, and specify those injuries claimed to be permanent.

Response

Plaintiff objects to this interrogatory on the grounds that it violates Local Rule 33.3.

10. Identify any prior accidents or occurrences in which plaintiff sustained personal injuries of a nature, location, extent, duration and effect similar to those listed in response to paragraph nine (9).

Response

Plaintiff objects to this interrogatory on the grounds that it violates Local Rule 33.3.

11. Identify any doctors plaintiff consulted regarding any prior injuries of a nature, location, extent, duration and effect similar to those listed in response to paragraph nine (e).

Response

None.

12. Accurately state the length of time plaintiff was confined to home and/or bed, including the days and dates thereof.

Response

Plaintiff objects to this interrogatory on the grounds that it violates Local Rule 33.3.

13. State the name and address of each and every hospital, clinic or institution where any treatment or examination was rendered and length of time, if any, confined there, including the days and dates thereof. If not confined to any hospital, etc.,

4

so state. If it is claimed that the plaintiff was treated by a physician other than the one at the hospital and/or clinic, give the name and address of such physician.

Response

See authorizations for medical records previously provided.

14. State the nature of plaintiff's employment both currently and at the time of the accident. Also state the name and address of plaintiff's employer both currently and at the time of the accident. State the length of time the plaintiff was incapacitated from employment.

Response

None.

15. Identify all persons assisting with the answers to these interrogatories.

Response

Plaintiff provided the information and plaintiff's attorney assisted in preparing the written response.

Dated: New York, New York  
September 17, 2021

MICHAEL G. O'NEILL

*/s/ Michael O'Neill*

Attorney for Plaintiff  
217 Broadway, Suite 306  
New York, New York 10007  
(212) 581-0990

5