# EXHIBIT "F"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Teresa McCoy,<br><br>　　　　　　Plaintiff,<br><br>　　- against -<br><br>The TJX Companies, Inc.,<br><br>　　　　　　Defendant. | 21 CV 04907 (VEC)(　)<br><br>Plaintiff's Amended Answers to Interrogatories |

　　　　Plaintiff submits the following amended response to defendant's first set of interrogatories as follows:

　　　　1.　　　State plaintiff's full name, address, date of birth and social security number.

　　　　Response

　　　　Teresa McCoy, 74 W. 92nd Street, #6D, New York, NY 10025, [        ], 1957, XXX-XX-4564.

　　　　2.　　　Identify any witnesses to the occurrence alleged in plaintiff's complaint and all individuals who have personal knowledge of the allegations described in the complaint.

　　　　Response

　　　　Plaintiff does not know the names of any individuals who witnessed the event. For witnesses, see plaintiff's Rule 26 disclosures.

　　　　3.　　　State each and every fact supporting plaintiff's contentions that

1

defendant TJX was negligent as set forth in the complaint.

Response

Plaintiff objects to this interrogatory on the grounds that it violates Local Rule 33.3 and is vague and ambiguous. Plaintiff cannot know "every fact" supporting her contention that defendant was negligent, especially before she has had discovery. In addition, the meaning of "every fact" is ambiguous and may mean something different to plaintiff than what is intended by defendant.

Plaintiff contends that defendant was negligent in the arrangement of its merchandise on display. Specifically, two stools had been placed in such a manner as to make them appear to be a chair or a seat, and defendant knew or should have known that customers would try to sit on them. The stools were highly unstable and constituted a trap or a hazard. Defendant's manager acknowledged to plaintiff that the stools should not have been arranged in such a manner. Defendant was also negligent in failing to post warnings about the dangerous display.

4. Describe in detail the special damages incurred by plaintiff as a result of the allegations contained in the complaint. Provide copies of all bills, collateral source payments and authorizations to obtain the records of persons submitting such bills to plaintiff.

Response

At the present time, plaintiff has not identified any special damages. Plaintiff reserves the right to amend her response to this interrogatory.

5. Describe in detail the manner in which it is alleged plaintiff was caused to be injured, and identify and describe any and all objects, substances or debris that, directly or indirectly caused or contributed to plaintiff's injuries.

Response

Plaintiff objects to this interrogatory on the grounds that it violates Local Rule 33.3.

Plaintiff was injured because the stools that had been negligently arranged collapsed when plaintiff attempted to sit on them. Plaintiff landed partially on a cooler which contributed to her injuries.

6. Identify what part or parts of the plaintiff's body came in contact with the objects, substances or debris referred to in number 5 and state what part of plaintiff's body, if any, came in contact with the ground.

Response

Plaintiff objects to this interrogatory on the grounds that it violates Local Rule 33.3.

Plaintiff's posterior touched the stools when she attempted to sit on them. Her trunk, arms and legs hit the ground and the cooler.

7. State the exact date and time of the alleged occurrence as described in the complaint, and give the exact location of where the accident occurred on defendant's premises so that the same can be readily identified, and set forth the reasons why plaintiff could not avoid the alleged defective/dangerous condition.

3

Response

Plaintiff objects to this interrogatory on the grounds that it violates Local Rule 33.3.

Plaintiff believes that the occurrence took place in the early to mid-afternoon. The occurrence was reported to defendant and plaintiff believes defendant noted the time.

The occurrence took place near the front of the store. The occurrence was reported to defendant and plaintiff believes defendant took note of the location.

The dangerous or defective condition could not be avoided because defendant did not post warnings and the danger, which was created by defendant, was hidden.

8. If actual or constructive notice is claimed, state: (a) If actual written notice is claimed, state when, where and to whom such notice was given and whether such notice was oral or written. If written notice was given, set forth a copy of that notice. If oral notice was given, set forth the substance thereof. (b) If it is claimed that constructive notice is chargeable to this defendant, state exactly how long it is claimed that the dangerous condition existed prior to the time of the accident in terms of minutes, or hours, or days, or weeks, or months, and what constituted such notice.

Response

Plaintiff objects to this interrogatory on the grounds that it violates Local Rule 33.3.

Plaintiff claims that defendant created the hazard in question and that therefore notice is not an issue. Plaintiff reserves the right to amend this answer following

4

discovery.

9. State the nature, location, extent, duration and effect of all injuries claimed, and specify those injuries claimed to be permanent.

Response

Plaintiff objects to this interrogatory on the grounds that it violates Local Rule 33.3.

Plaintiff's injuries are documented in her medical records. Plaintiff suffered broken or bruised ribs in the fall and suffered a number of bumps, bruises and cuts on her arms and legs. Plaintiff's injuries have limited her mobility and the use of her arms, and they continue to cause pain. Plaintiff believes those injuries are permanent. Plaintiff's injuries from the fall aggravated plaintiff's pre-existing ankylosing spondylitis and/or were more severe because of plaintiff's pre-existing ankylosing spondylitis.

10. Identify any prior accidents or occurrences in which plaintiff sustained personal injuries of a nature, location, extent, duration and effect similar to those listed in response to paragraph nine (9).

Response

Plaintiff objects to this interrogatory on the grounds that it violates Local Rule 33.3.

Plaintiff is unaware of any prior injuries to her ribs.

11. Identify any doctors plaintiff consulted regarding any prior injuries of a nature, location, extent, duration and effect similar to those listed in response to

5

paragraph nine (e).

Response

None.

12. Accurately state the length of time plaintiff was confined to home and/or bed, including the days and dates thereof.

Response

Plaintiff objects to this interrogatory on the grounds that it violates Local Rule 33.3.

Plaintiff was confined to bed for about two weeks. Plaintiff has largely been confined to her home since the occurrence.

13. State the name and address of each and every hospital, clinic or institution where any treatment or examination was rendered and length of time, if any, confined there, including the days and dates thereof. If not confined to any hospital, etc., so state. If it is claimed that the plaintiff was treated by a physician other than the one at the hospital and/or clinic, give the name and address of such physician.

Response

See authorizations for medical records previously provided.

14. State the nature of plaintiff's employment both currently and at the time of the accident. Also state the name and address of plaintiff's employer both currently and at the time of the accident. State the length of time the plaintiff was incapacitated from employment.

Response

None.

15. Identify all persons assisting with the answers to these interrogatories.

Response

Plaintiff provided the information and plaintiff's attorney assisted in preparing the written response.

Dated: New York, New York
November 17, 2021

MICHAEL G. O'NEILL

*[signature]*

Attorney for Plaintiff
217 Broadway, Suite 306
New York, New York 10007
(212) 581-0990