UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

TERESA MCCOY,

                Plaintiff,

    -against-

THE TJX COMPANIES, INC.,

                Defendant.
------------------------------------------------------------x

Civil Action No.:
1:21-cv-04907-VEC

**REPLY STATEMENT OF FACTS**
**PURSUANT TO RULE 56.1**

Caproni, D.J.

       THE TJX COMPANIES, INC., (hereinafter "TJX/HomeGoods") by its attorneys, SIMMONS JANNACE DELUCA, LLP, submits the following Reply Statement of Facts Pursuant to Rule 56.1 in reply to plaintiff's Additional Facts in Opposition to Defendant's Motion for Summary Judgment.

       34.     When plaintiff fell, there was a security guard standing in the immediate area where she fell. Ex. G, 40:12.

       **Response**: Undisputed to the extent plaintiff testified that she observed an individual wearing a security guard's uniform standing near the front doors, which were approximately six to eight feet away from the accident location, prior to her fall. (**Ex. "G"**, p.40, l.8 – p.41, l.9).

       35.     The security guard was in a position to see the area where the stools in question were located and where plaintiff fell. Id., 41:8.

       **Response:** TJX/HomeGoods objects to the extent this statement is conclusory, speculative and argumentative and, thus, not properly the subject of a Rule 56.1 statement. Notwithstanding this objection and without waiver of same, TJX/HomeGoods disputes the statement as a mischaracterization of testimony and the record as a whole. Plaintiff testified "to the best of her knowledge" that the security guard would have been able to see the accident location. Plaintiff also testified that she did not know if the security guard actually saw her fall and never advised her that he witnessed the accident. (**Ex. "G"**, p.41, l.4-8, p.57, l.21 –

p.58, l.15).

36.     Plaintiff estimates that the security guard was six to eight feet from where she fell. Id., 41:2-3.

**Response:** Undisputed.

37.     In discovery, plaintiff requested the identity of the security guard on duty. Ex. 3, ¶1.

**Response:** TJX/HomeGoods objects to the extent this statement is a recitation of procedural history and, thus, does not constitute a "material fact" pursuant to F.R.C.P. 56 and Local Civil Rule 56.1. Notwithstanding this objection and without waiver of same, TJX/HomeGoods disputes the statement to the extent it is not supported by plaintiff's Exhibit "3". Assuming counsel intended the citation to reference Defendant's Response to Plaintiff's First Set of Interrogatories (plaintiff's Exhibit 5), TJX/HomeGoods does not dispute that plaintiff served a demand for the identity of the "security guard who was on duty and stationed by the 'display' at the time of the occurrence" during initial paper discovery and prior to any fact depositions being completed.

38.     Defendant responded by stating "the defendant does not have in its possession sufficient information to provide a response." Id.

**Response:** TJX/HomeGoods objects to the extent this statement is a recitation of procedural history and, thus, does not constitute a "material fact" pursuant to F.R.C.P. 56 and Local Civil Rule 56.1. Notwithstanding this objection and without waiver of same, TJX/HomeGoods disputes the statement to extent it is not supported by plaintiff's Exhibit "3". Assuming counsel intended the citation to reference Defendant's Response to Plaintiff's First Set of Interrogatories (plaintiff's Exhibit 5), TJX/HomeGoods disputes the statement to the extent the response also objected to the demand on the basis that it was overbroad, vague, unduly burdensome and not the proper subject of an interrogatory.

39.     Plaintiff then served a Rule 30(b)(6) deposition notice seeking, among other things, someone who could testify regarding the staffing of security guards and the records relating to the same. Ex. 4, ¶¶6,

7.

   **Response**: TJX/HomeGoods objects to the extent this statement is a recitation of procedural history and, thus, does not constitute a "material fact" pursuant to F.R.C.P. 56 and Local Civil Rule 56.1. Notwithstanding this objection and without waiver of same, TJX/HomeGoods disputes the statement to extent it is not supported by plaintiff's Exhibit "4". Assuming counsel intended the citation to reference plaintiff's Exhibit 6, TJX/HomeGoods objects to the extent said exhibit is Plaintiff's Rule 30(b)(6) Notice and, thus, does not constitute admissible evidence as required under Local Rule 56.1(d), Fed. R. Civ. P. 56(c). Notwithstanding all objections and without waiver of same, TJX/HomeGoods does not dispute that the Schedule A annexed to Plaintiff's Rule 30(b)(6) Notice included as the subject matter of testimony, "the staffing or provision of security guards at the Store on the date of the Occurrence" and "the existence of records showing the identity of the security guard(s) on duty at the Store on the date of the Occurrence."

   40.   Defendant initially produced Jamie Penna as its Rule 30(b)(6) witness. Ms. Pena (sic) did nothing to prepare for her deposition and could not testify with respect to security guards. She did, however, confirm that the security guards are employed by defendant and that defendant would have records showing who worked on the day plaintiff fell. Ex. J, 7:18-8:7, 28:5-31:14.

   **Response**: TJX/HomeGoods objects to the extent these statements are argumentative and, thus, not properly the subject of a Rule 56.1 statement. Additionally, the statements are a recitation of procedural history and, thus, do not constitute a "material fact" pursuant to F.R.C.P. 56 and Local Civil Rule 56.1. Furthermore, they contain multiple factual assertions and, thus, do not comply with Local Civil Rule 56.1(b) which requires additional materials facts to be "short and concise." Notwithstanding these objections and without waiver of same, TJX/HomeGoods disputes these statements as a mischaracterization of testimony and the record as a whole. At her deposition, Ms. Penna provided testimony based in part on her nearly two decade career with TJX/HomeGoods, which includes ten years as a store manager with the last three specifically at the subject HomeGoods. (**Ex. "J"**, p.5, l.23 – p.7. l.3). Ms. Penna testified about staffing of

security guards at the subject HomeGoods including their employment relationship to TJX/HomeGoods, identity of the department responsible for their supervision and potential existence of relevant attendance records. (**Ex. "J"**, p.20, l.9 – p.21, l.12, p.28, l.8 – p.31, l.14). In addition, Ms. Penna offered to testify about the general duties and responsibilities and areas covered by security guards assigned to the store, but counsel declined to follow-up with additional questions. (**Ex. "J"**, p.31, l.4-14).

41.     Defendant's initial response to plaintiff's interrogatory (Ex. 3) that "the defendant does not have in its possession sufficient information to provide a response" was simply false.

**Response**: TJX/HomeGoods objects to the extent this statement is conclusory, speculative and argumentative and, thus, not properly the subject of a Rule 56.1 statement. Additionally, the statement is unaccompanied by any citation to admissible evidence in violation of Local Rule 56.1(d) and Fed. R. Civ. P. 56(c). Notwithstanding these objections and without waiver of same, TJX/HomeGoods disputes this statement as unsupported by the record.

42.     Defendant then produced Julio Cuba as its 30(b)(6) witness for the purpose of testifying about the security guards. Like Ms. Penna, Mr. Cuba did nothing to prepare for his deposition. While he could state that one of two individuals would have been on duty the day of the incident, he could not say which and did not have contact information for them. Exhibit 3, 9:21-23, 21:1-21. Like Ms. Penna, he confirmed that the defendant would have their contact information. Id.

**Response**: TJX/HomeGoods objects to the extent these statements are argumentative and, thus, not properly the subject of a Rule 56.1 statement. Additionally, these statements are a recitation of procedural history and, thus, do not constitute a "material fact" pursuant to F.R.C.P. 56 and Local Civil Rule 56.1. Furthermore, they contain multiple factual assertions and, thus, do not comply with Local Civil Rule 56.1(b) which requires additional materials facts to be "short and concise." Notwithstanding these objections and without waiver of same, TJX/HomeGoods disputes these statements as a mischaracterization of testimony and the record as a whole. At his deposition, Mr. Cuba provided testimony based in part on his nearly 17 ½

4

year career with TJX/HomeGoods, which includes nine years as a District Loss Prevention Manager. (**Ex. "3"**, p.8, l.23 – p.9. l.13). TJX/HomeGoods does not dispute that Mr. Cuba identified one of two individuals that may have been on duty as a security guard on the day of the incident.

43. After Cuba's deposition, counsel for plaintiff repeatedly requested counsel for defendant to provide the contact information for the two individuals identified by Mr. Cuba. Exhibit 4. Mr. Cuba was deposed on June 2, 2022 and defendant did not provide contact information for the two individuals until July 7, 2022. Exhibit 4. Discovery closed June 13, 2022. Docket entry 25.

<u>Response</u>: TJX/HomeGoods objects to the extent these statements are argumentative and, thus, not properly the subject of a Rule 56.1 statement. Additionally, these statements are a recitation of procedural history and, thus, do not constitute a "material fact" pursuant to F.R.C.P. 56 and Local Civil Rule 56.1. Furthermore, they contain multiple factual assertions and, thus, do not comply with Local Civil Rule 56.1(b) which requires additional materials facts to be "short and concise." Moreover, TJX/HomeGoods objects to plaintiff's citations to Exhibit "4" and "Docket Entry 25" to the extent said exhibits are, respectively, emails sent by counsel and Your Honor's Order dated May 9, 2022 and, thus, do not constitute admissible evidence as required under Local Rule 56.1(d) and Fed. R. Civ. P. 56(c). Notwithstanding these objections and without waiver of same, TJX/HomeGoods disputes these statements as a mischaracterization of the record as a whole. TJX/HomeGoods voluntarily disclosed the last known contact information of the two individuals identified by Mr. Cuba within a reasonable timeframe to plaintiff notwithstanding the absence of a formal discovery demand served by plaintiff or any attempt on counsel's part to extend/re-open the fact discovery deadline and/or stay the briefing schedule for the TJX/HomeGoods' summary judgment motion.

44. In discovery, plaintiff requested copies of any videos of the area where plaintiff fell and a plan showing the location of video cameras in the Store. Ex. 5, ¶¶1, 11. Defendant responded by stating it had no such videos and no plan showing the location of video cameras in the Store.

<u>Response</u>: TJX/HomeGoods objects to the extent these statements are a recitation of procedural

history and, thus, do not constitute a "material fact" pursuant to F.R.C.P. 56 and Local Civil Rule 56.1. Furthermore, they contain multiple factual assertions and, thus, do not comply with Local Civil Rule 56.1(b) which requires additional materials facts to be "short and concise." Notwithstanding these objections and without waiver of same, TJX/HomeGoods disputes these statements to the extent the response also objected to the demands on the basis that they were overbroad, vague, unduly burdensome and not the proper subject of an interrogatory to the extent they improperly called for documents/materials.

45. Plaintiff's Rule 30(b)(6) notice requested a witness who could testify to the location of video cameras in the Store and the availability of videos from those cameras. Exhibit 6, ¶¶1-2.

**Response**: TJX/HomeGoods objects to the extent this statement is a recitation of procedural history and, thus, does not constitute a "material fact" pursuant to F.R.C.P. 56 and Local Civil Rule 56.1. Moreover, TJX/HomeGoods objects to plaintiff's citations to Exhibit "6" to the extent said exhibit is Plaintiff's Rule 30(b)(6) Notice and, thus, does not constitute admissible evidence as required under Local Rule 56.1(d) and Fed. R. Civ. P. 56(c). Notwithstanding these objections and without waiver of same, TJX/HomeGoods does not dispute that the Schedule A annexed to Plaintiff's Rule 30(b)(6) Notice included as the subject matter of testimony: "the location of video cameras in the Store" and "the maintenance, availability or disposition of videos from Store cameras taken on the date of the Occurrence."

46. Ms. Penna could not testify with respect to cameras. Ex. J, 11:15-16.

**Response**: TJX/HomeGoods objects to the extent this statement is argumentative and, thus, not properly the subject of a Rule 56.1 statement. Notwithstanding this objection and without waiver of same, TJX/HomeGoods disputes this statement as a mischaracterization of testimony and the record as a whole. At her deposition, Ms. Penna provided testimony about the presence and types of cameras in the store, their general locations and the preservation of footage. (**Ex. "J"**, p.10, l.21 – p.11, l.9, p.20, l.20 – p.22, l.9, p.25, l.9 – p.27, l.16).

47. Mr. Cuba testified that there are about 30 cameras in the Store but could not testify with any

certainty where they were located.  He had not been requested to determine the location of cameras for purposes of the deposition.  Exhibit 3, 32:22-25

**Response**: TJX/HomeGoods objects to the extent these statements are argumentative and, thus, not properly the subject of a Rule 56.1 statement. Furthermore, they contain multiple factual assertions and, thus, do not comply with Local Civil Rule 56.1(b) which requires additional materials facts to be "short and concise." Notwithstanding these objections and without waiver of same, TJX/HomeGoods disputes these statements as a mischaracterization of testimony and the record as a whole. At his deposition, Mr. Cuba provided testimony about the location and placement of certain cameras in the store. (**Ex. "3"**, p.12, l.18 – p.13, l.8, p.26, l.7 – p.30, l.24, p.33, l.6-13).

48.     Mr. Cuba testified that store personnel should have searched for and preserved a video of the location of the incident. Id., 18:17-25.  There is no record showing whether such a search was made in this case. Id., 20:12-16.

**Response**: TJX/HomeGoods objects to the extent these statements contain multiple factual assertions and, thus, do not comply with Local Civil Rule 56.1(b) which requires additional materials facts to be "short and concise." Notwithstanding this objection and without waiver of same, TJX/HomeGoods disputes these statements as a mischaracterization of testimony. Mr. Cuba testified generally that if an incident was reported to, or otherwise witnessed by, a loss prevention employee, they would review the surveillance system to determine if the incident was captured on video and, if so, preserve the video. He did not affirmatively state that store personnel "should have" searched for and preserved a video of the location of plaintiff's alleged incident. (**Ex. "3"**, p.17, l.25 – p.18, l.25).

49.     Mr. Cuba testified that videos are preserved for about 90 days. Id., 15:5-9.

**Response**: Undisputed.

50.     Defendant was on notice that plaintiff was represented by counsel and making a claim for injuries as early as August, 2019. O'Neill Dec., ¶¶8-9, Exhibit 7.

Response: TJX/HomeGoods objects to the extent this statement is conclusory, argumentative, calls for a legal conclusion and, thus, not properly the subject of a Rule 56.1 statement. Additionally, this statement is a recitation of procedural history and, thus, do not constitute a "material fact" pursuant to F.R.C.P. 56 and Local Civil Rule 56.1. Moreover, TJX/HomeGoods objects to plaintiff's citations to Exhibit "7" to the extent said exhibit is an unsworn letter and, thus, does not constitute admissible evidence as required under Local Rule 56.1(d) and Fed. R. Civ. P. 56(c). Notwithstanding this objection and without waiver of same, TJX/HomeGoods disputes this statement to the extent counsel's Declaration and unsworn letter attached as Exhibit "7" make no mention of the nature of the "claim" or any "injuries" allegedly sustained by plaintiff.

51.  There was a video camera located near the entrance of the Store on the day of the incident that covers the location of plaintiff's fall which would have recorded the incident. Connor (sic) Dec., ¶¶1-3, plaintiff Dec., ¶¶2-4.

Response: TJX/HomeGoods objects to the extent this statement is conclusory, speculative and argumentative and, thus, not properly the subject of a Rule 56.1 statement. Furthermore, it contains multiple factual assertions and, thus, does not comply with Local Civil Rule 56.1(b) which requires additional materials facts to be "short and concise." Notwithstanding these objections and without waiver of same, TJX/HomeGoods disputes these statements as a mischaracterization of testimony. Jon Conner and plaintiff do not declare that the video camera and security monitor shown in the undated photograph(s) annexed to their Declarations were present in the store as depicted on the accident date. Additionally, Mr. Conner does not aver that the depicted video camera was connected to the "Store's video recording system" and actively recording on the accident date. As for plaintiff's statement in her Declaration that the camera would have recorded her fall and any events prior, it is speculative and conclusory to the extent she provides no personal basis for that knowledge and it is not otherwise independently supported by the Declaration of Mr. Conner, as noted *supra*.

Dated: Hauppauge, New York
October 14, 2022

Respectfully submitted,

**SIMMONS JANNACE DELUCA, LLP**

BY: /s/ Allison C. Leibowitz
ALLISON C. LEIBOWITZ
Attorneys for Defendant
THE TJX COMPANIES, INC.
**Office & P.O. Address:**
43 Corporate Drive
Hauppauge, New York 11788
(631) 873-4888