```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/19/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
TERESA MCCOY,                              :
                                            :
                      Plaintiff,            :
                                            :        21-CV-4907 (VEC)
               -against-                    :
                                            :        OPINION
THE TJX COMPANIES, INC.,                    :
                                            :
                      Defendant.            :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

Plaintiff Teresa McCoy sued The TJX Companies, Inc. ("TJX" or "Defendant") for negligence for injuries allegedly sustained at a TJ Maxx HomeGoods store (the "Store") owned and operated by Defendant. *See* Compl., Dkt. 1-1. Defendant has moved for summary judgment. *See* Def. Notice of Mot., Dkt. 28. For the reasons discussed below, Defendant's motion for summary judgment is GRANTED.

## BACKGROUND[1]

On July 28, 2019, Plaintiff visited the Store located in New York City. 56.1 Stmt. ¶ 1. Upon entering the Store, Plaintiff noticed a stool for sale and approached it. *Id.* ¶¶ 8–9. Plaintiff observed that the stool was on the floor approximately six inches in front of a display table that contained other merchandise. *Id.* ¶ 11. Plaintiff examined the stool and, while standing less than six inches away, placed her hand on the top of the stool. *Id.* ¶ 14. Plaintiff then sat down on the

---

[1] The facts are gathered from the parties' 56.1 statements, the exhibits attached to the parties' submissions, and the parties' summary judgment briefs. The facts are construed in the light most favorable to Plaintiff. *See Wandering Dago, Inc. v. Destito*, 879 F.3d 20, 30 (2d Cir. 2018). All facts are undisputed unless otherwise indicated. The parties' 56.1 Statements and responses thereto, filed separately but numbered consecutively, *see* Dkts. 36, 41, are cited as "56.1 Stmt."

stool and felt it "sort of just give way" beneath her. *Id.* ¶ 16. The stool toppled over, causing Plaintiff to fall to the ground. *Id.*

After the fall, Plaintiff discovered that the stool she was admiring had been stacked on top of another identical stool. *Id.* ¶ 17. Joe Baglivio, the Store's Merchandise Manager, responded to the scene.[2] *Id.* ¶¶ 19–20. Baglivio told Plaintiff that the stools "shouldn't have been there." *Id.* ¶ 3.

Plaintiff does not know who placed the stools on the floor or who stacked them, *id.*, nor did Plaintiff observe any TJX employees actively stocking merchandise in the vicinity before or after her incident, *id.* ¶ 23. Prior to her fall, however, Plaintiff noticed that a security guard was standing approximately six to eight feet away from where she fell, but she does not know whether he actually witnessed the fall.[3] *Id.* ¶¶ 34–36.

Although Plaintiff claims that a surveillance camera was located near the entrance of the Store and that it would have captured the incident, *id.* ¶ 51; Pl. Decl. ¶ 3, Ex. A, Dkt. 33; Connor Decl. ¶¶ 2–3, Exs. A–B, Dkt. 34, Defendant disputes that fact and insists that it has no surveillance footage of the incident, *see* Def. Reply 9, Dkt. 39; Pl. Opp. 13, Dkt. 35.

Baglivio claims that, as part of his regular duties, he walked throughout the store every 30 to 40 minutes looking for potentially hazardous conditions and did so on the date of the incident. 56.1 Stmt. ¶¶ 27–28. Baglivio also claims that he last inspected the area where Plaintiff fell approximately 40 minutes prior to the incident and did not observe any stools stacked on the sales floor. *Id.* ¶ 28. Arturo Cepeda, a Sales Associate, also claims that he

---

[2] Baglivio testified at his deposition that he was "paged" about the incident, but he does not remember who paged him, *see* Baglivio Dep. 11:6-11, 14:3, Dkt. 29-10, nor could he recall the condition in which he found Plaintiff when he arrived at the scene, *see id.* 13:7-10. Baglivio recalled only that he responded to a page, went to the incident area, spoke to Plaintiff, and reported the incident to risk management. *Id.* 13:11-18.

[3] Plaintiff claims that, to the best of her knowledge, the security guard would have been able to see the location of the incident. 56.1 Stmt. ¶ 35.

2

patrolled the sales floor that day as part of his regular job duties to ensure all merchandise was properly displayed. *Id.* ¶¶ 30–31; Ex. L, Cepeda Aff. ¶ 8, Dkt. 29-13. Cepeda claims that he last inspected the area where Plaintiff fell approximately 15 to 20 minutes prior to the incident and did not observe stools stacked on the sales floor. *Id.* ¶ 31.

Defendant asserts that there were no prior complaints about the stools or the manner in which they were displayed, *id.* ¶ 32, nor were there any prior similar incidents, *id.* ¶ 33.

## DISCUSSION

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)) (internal quotation marks omitted). To defeat summary judgment, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006) (citation and internal quotation marks omitted). Courts "construe the facts in the light most favorable to the nonmoving party and . . . resolve all ambiguities and draw all reasonable inferences against the movant." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167 (2d Cir. 2014) (per curiam) (quoting *Aulicino v. N.Y.C. Dep't of Homeless Servs.*, 580 F.3d 73, 79–80 (2d Cir. 2009)) (internal quotation marks omitted).

"Under New York law, a plaintiff asserting a negligence claim must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Rodriguez v. Wal-Mart Stores E., LP*, 2017 WL 4045745, at *3 (S.D.N.Y.

Sept. 11, 2017) (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006)) (internal quotation marks omitted).  For a slip-and-fall premises liability case, the plaintiff must demonstrate that the landowner either created the condition that caused the injury, or that the landowner had actual or constructive notice of the condition.  *Id.* at *3 (quoting *Gonzalez v. Wal-Mart Stores, Inc.*, 299 F. Supp. 2d 188, 192 (S.D.N.Y. 2004)).  "[U]nder federal law, the moving party need not make any affirmative *prima facie* showing on a motion for summary judgment, and may discharge its burden of proof merely by pointing to an absence of evidence to support an essential element of Plaintiff's claim."[4]  *Decker v. Middletown Walmart Supercenter Store*, 2017 WL 568761, at *4 (S.D.N.Y. Feb. 10, 2017) (quoting *Vasquez v. United States*, 2016 WL 315879, at *5 (S.D.N.Y. Jan. 15, 2016)) (internal quotation marks and alterations omitted).

In this case, the parties contest whether Plaintiff has sufficient evidence to create a question of fact as to whether Defendant created the hazardous condition or had actual or constructive knowledge that it existed.

### I. Plaintiff Has No Evidence that Defendant Created the Hazardous Condition

Plaintiff has failed to establish that Defendant created the hazardous condition that led to Plaintiff's fall.  To establish that a defendant created the condition that caused the injury, "a plaintiff must point to 'some affirmative act' on the part of the defendant."  *Vasquez*, 2016 WL 315879, at *7 (citations omitted).  Circumstantial evidence may be sufficient to defeat a motion for summary judgment if it creates an inference that the defendant created the condition through

---

[4] Federal law applies to procedural aspects of a slip-and-fall claim, while state law governs the substantive aspects.  *Decker v. Middletown Walmart Supercenter Store*, 2017 WL 568761, at *3 (S.D.N.Y. Feb. 10, 2017) (citing *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)).  The moving party's burden of proof at summary judgment is procedural and, therefore, governed by federal law.  *Tingling v. Great Atl. & Pac. Tea Co.*, 2003 WL 22973452, at *2 (S.D.N.Y. Dec. 17, 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (applying federal law on defendant's burden at summary judgment stage to diversity action)).

affirmative acts; but mere speculation and conjecture are insufficient. *Decker*, 2017 WL 568761, at *5 (quoting *Vasquez*, 2016 WL 315879, at *7).

Plaintiff offers no affirmative evidence that Defendant, or any of its employees, placed the stools on the sales floor and stacked them prior to the incident, 56.1 Stmt. ¶ 3; Pl. Opp. 6 (admitting that "there is no evidence as to who stacked the stools"), nor does she offer any evidence that any employees were actively stocking merchandise in the area of her fall, 56.1 Stmt. ¶ 23. By contrast, two of Defendant's employees reported that they were in the vicinity within 15 to 40 minutes prior to the incident and did not observe the stacked stools on the display floor; if they had, the employees report, they would have "addressed [the placement of the stools] immediately" because Store policy prohibits stools from being stacked.[5] *Id.* ¶¶ 22, 26, 28, 31.

Plaintiff contends, however, that Baglivio acknowledged that an employee had improperly stacked the stools when he told Plaintiff that the stools "shouldn't have been there." Pl. Opp. 6. Baglivio's statement does not create an inference that it was an employee of Defendant who stacked the stools as opposed to, for example, Plaintiff herself, or even another customer. Although Plaintiff argues that the absence of "evidence that anyone other than employees or agents of [D]efendant are responsible for the display of merchandise" suggests that

---

[5] Plaintiff does not directly dispute Defendant's position that Store policy prohibits stools from being stacked, but apparently disputes the veracity of employee testimony as to whether "the normal position for the stools" would have been on the floor or on a platform. *See* 56.1 Stmt. ¶ 22. Plaintiff also: disputes, without citing to any evidence, Defendant's assertion that its employees were trained to re-position stools to their correct display positions if they were observed to be improperly stacked, *id.* ¶ 26; asserts that the Store employees' recollections of having inspected the area before the incident are "inconceivable" and "strain credulity," *id.* ¶¶ 28, 31; and asserts that she lacks knowledge regarding the truthfulness of employee affidavits, *id.* ¶ 28. Because Plaintiff cites no evidence to support her assertions, the Court deems Defendant's factual assertions to be undisputed. *See* Local Rule 56.1(d); *AFL Fresh & Frozen Fruits & Vegetables v. De-Mar Food Svcs. Inc.*, 2007 WL 4302514, at *4 (S.D.N.Y. Dec. 7, 2007) (stating that "unsupported denials, without more, cannot create disputes of material fact," and that "a nonmovant cannot raise a material issue of fact by denying statements . . . for lack of knowledge and information"); *Bacote v. Riverbay Corp.*, 2017 WL 11567934, at *2 n.4, *4 n.10, *5 n.13 (S.D.N.Y. Nov. 8, 2017) (deeming factual assertions undisputed when objections are insufficient to create genuine disputes for trial).

Defendant stacked the stools, *id.*, such speculation is insufficient to meet her burden, *Decker*, 2017 WL 568761, at *5. Plaintiff's arguments that the employees' statements are not credible are also unavailing: absent evidence that Defendant stacked the stools, Plaintiff cannot demonstrate a genuine dispute of material fact that Defendant itself created the hazardous condition.

## II. Plaintiff Has No Evidence that Defendant Had Actual Notice of the Hazardous Condition

Plaintiff has also failed to establish that Defendant had actual notice of the hazardous condition. Under New York law, if a defendant did not create the hazardous condition, it may still be liable if it had actual notice of the hazardous condition that caused a plaintiff's injury. *See Decker*, 2017 WL 568761, at *6 (quoting *Cousin v. White Castle Sys., Inc.*, 2009 WL 1955555, at *7 (E.D.N.Y. July 6, 2009)).

Plaintiff has failed to establish that Defendant had actual notice. There is no record evidence that anyone complained about the stools or the manner in which they were displayed.[6] 56.1 Stmt. ¶ 32. Although Plaintiff alleges that a security guard was nearby at the time of her fall, *id.* ¶¶ 34–36, there is no evidence that the security guard actually observed that the stools were improperly displayed. The mere assertion that the security guard "was in a position to see the area where the stools in question were located," *id.* ¶ 35, is insufficient to create a genuine issue of material fact regarding whether Defendant had actual notice of the hazardous condition. *See Decker*, 2017 WL 568761, at *6 (citing *Castellanos v. Target Dep't Stores, Inc.*, 2013 WL 4017166, at *4 (S.D.N.Y. Aug. 7, 2013) (finding no issue of fact where employees walked

---

[6] Plaintiff disputes this factual assertion, citing lack of knowledge. 56.1 Stmt. ¶ 32. But again, Plaintiff's lack of knowledge is insufficient to create a dispute of material fact. *See supra* n. 5.

through the area in which plaintiff fell, without indication that the employees noticed the condition)).

In short, Plaintiff has no evidence that Defendant had actual notice of the hazardous condition.

### III. Plaintiff Has No Evidence that Defendant Had Constructive Notice of the Hazardous Condition

Finally, Plaintiff has also failed to establish that Defendant had constructive notice of the hazardous condition. To establish constructive notice, the condition must (1) be visible and apparent and (2) exist for a sufficient length of time prior to the accident to permit the defendant, or defendant's employees, to discover and remedy it. *Rodriguez*, 2017 WL 4045745, at *4 (quoting *Gordon v. Am. Museum of Nat. Hist.*, 67 N.Y.2d 836, 837 (1986)). A plaintiff can establish a question of fact as to whether a condition is "visible and apparent" by offering evidence of the condition's visibility, such as from witness testimony, surveillance video, or photographs. *Compare Alexander v. Marriott Int'l, Inc.*, 2002 WL 1492125, at *3 (S.D.N.Y. July 11, 2002) (plaintiff provided sufficient evidence to raise a triable issue of fact as to constructive notice when a witness claimed to have observed a puddle of water prior to plaintiff's fall); *with Decker*, 2017 WL 568761, at *7 (plaintiff failed to establish visible or apparent condition when surveillance video did not show the condition and when there was no evidence that any other person saw the condition); *see also Sweeney v. Riverbay Corp.*, 76 A.D.3d 847, 848 (1st Dep't 2010) (visibility of condition established from witness testimony); *Villaurel v. City of New York*, 59 A.D.3d 709, 711–12 (2nd Dep't 2009) (visibility of condition established from witness testimony and photographs). When the plaintiff is "unable to establish how long the condition causing the accident existed prior to the accident," summary judgment in

7

favor of the defendant is appropriate. *Rodriguez*, 2017 WL 4045745, at *4 (quoting *Stephanides v. BJ's Wholesale Club, Inc.*, 2013 WL 1694901, at *5 (E.D.N.Y. Apr. 18, 2013)).

Here, it is undisputed that Plaintiff inspected the stools herself and did not realize they were stacked until she decided to sit down on them, circumstantial evidence that the hazardous condition was not visible and apparent. *See* 56.1 Stmt. ¶ 14; *see, e.g.*, *Schubert-Fanning v. Stop & Shop Supermarket Co., LLC*, 118 A.D.3d 862, 863 (2nd Dep't 2014) (finding that a "latent defect," i.e., one that could not have been discovered by a layperson even by inspection, could not be "visible and apparent" for purposes of imputing constructive notice to the defendant); *Barrerra v. N.Y.C. Transit Auth.*, 61 A.D.3d 425, 426 (1st Dep't 2009); *Rapino v. City of New York*, 299 A.D.2d 470, 471 (2nd Dep't 2002). There is no evidence in the record that anyone else saw the stacked stools prior to Plaintiff's fall. *See* 56.1 Stmt. ¶ 32 (undisputed that there were no prior complaints about the stools or the manner in which they were displayed); *cf. Alexander*, 2002 WL 1492125, at *3 (denying summary judgment because "a reasonable jury could conclude that defendant had constructive notice" based on witness testimony that "[s]ome twenty minutes prior to plaintiff's fall, [the witness] observed a puddle of water on the floor"). Although, as discussed above, Plaintiff asserts that, to "the best of her knowledge," the security guard was in a position to see the stacked stools, *see* 56.1 Stmt. ¶ 35; McCoy Dep. 41:4-8, Dkt. 29-7, the mere presence of Defendant's employee, absent evidence of how long the employee was present in the area or affirmative evidence that the employee observed the condition, is

insufficient to create a genuine issue of material fact regarding constructive notice.[7] *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (non-moving party "may not rely on conclusory allegations or unsubstantiated speculation" to create a genuine dispute of material fact); *see also Gonzalez v. Kmart Inc.*, 2016 WL 3198275, at *5 (E.D.N.Y. June 8, 2016) ("The mere fact that a[n] . . . employee may have been close to the [condition] at the time Plaintiff fell is insufficient to create an inference that the employee saw the [condition] before the accident." (emphasis omitted)).

Even if the stacked stools had been visible and apparent, Plaintiff has failed to marshal any record evidence suggesting that the stools had been stacked for a sufficient length of time prior to her fall to give rise to an inference that some employee of Defendant must have seen them. Defendant's employees, Baglivio and Cepeda, testified under penalty of perjury that they last inspected the incident area approximately 40 minutes and 15 to 20 minutes prior to the incident, respectively, and neither saw the stacked stools. 56.1 Stmt. ¶¶ 28, 31. Plaintiff has failed to rebut these assertions with any contrary evidence. *See supra* n.5. Without witness testimony, surveillance footage, or any other evidence to establish how long the hazardous condition existed, Plaintiff can only speculate as to how long the stools were stacked prior to her fall; speculation is inadequate to defeat a motion for summary judgment. *Rodriguez*, 2017 WL 4045745, at *4 (quoting *Stephanides*, 2013 WL 1694901, at *5) ("In cases where the plaintiff is

---

[7] For the same reason, Plaintiff's argument that Defendant had constructive notice of the condition because, in addition to the security guard, "there is always one store employee assigned to [the incident area], and . . . the assigned employee would have a clear view of the entire area," Pl. Opp. 7 (internal citations omitted), is insufficient to create a triable issue of fact. But even if it were sufficient, Plaintiff failed to include the factual assertion necessary to support this argument in her 56.1 statement. *See* Local Rule 56.1(b) ("The papers opposing a motion for summary judgment *shall* include . . ., []if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." (emphasis added)).

unable to establish how long the condition causing the accident existed prior to the accident," courts have entered summary judgment in favor of the defendant).[8]

In short, Plaintiff has failed to marshal any evidence to demonstrate that Defendant had actual or constructive notice of the hazardous condition. Accordingly, Defendant's motion for summary judgment is granted.[9]

### IV.   Plaintiff's Requests for Sanctions Are Denied

Plaintiff argues that the Court should deny Defendant's motion for summary judgment as a discovery sanction for Defendant's alleged violation of Fed. R. Civ. P. 26(g) when it failed to disclose the identity of the security guard who was on duty at the time of the incident. *See* Pl. Opp. 10–12. Plaintiff also asserts that sanctions are appropriate because Defendant engaged in spoliation. *See* Pl. Opp. 12–16.

Pursuant to Rule 26(g), "[e]very disclosure under Rule 26(a)(1) or (a)(3) and every discovery . . . response . . . must be signed by at least one attorney of record," which constitutes the signing attorney's certification that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, the disclosure is "complete and correct as of the time it is made," and a discovery response is (1) "consistent with the [Federal Rules of Civil Procedure] and warranted by existing law or by a nonfrivolous legal argument," (2) "not interposed for any

---

[8]   As discussed above, Plaintiff's contention that the affidavits from Baglivio and Cepeda are "inherently implausible," Pl. Opp. 8; 56.1 Stmt. ¶¶ 28, 31, without citations to controverting evidence, does not create a question of fact for trial. *See* Local Rule 56.1(d); *supra* n.5. Moreover, it is not Defendant's burden to show its inspection records; Defendant merely needs to demonstrate that Plaintiff has no evidence that Defendant failed to maintain the store in a safe condition. *Decker*, 2017 WL 568761, at *9.

[9]   Because the Court grants Defendant's motion for summary judgment, it need not consider Defendant's alternative argument that Plaintiff is the "sole proximate cause" of her injury. Def. Mem. 7, Dkt. 31.

10

improper purpose," and (3) "neither unreasonable nor unduly burdensome or expensive."[10]  *See* Fed. R. Civ. P. 26(g)(1)(A)–(B).  Rule 26 does not require the signing attorney to certify the truthfulness of the client's factual responses to a discovery request; rather, an attorney is merely obligated to make reasonable inquiry to verify the truthfulness of such information.  *See Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prods., Inc.*, 2020 WL 7342724, at *13 (S.D.N.Y. Dec. 11, 2020) (citing *Kiobel v. Royal Dutch Petroleum Co.*, 2009 WL 1810104, at *2 (S.D.N.Y. June 25, 2009); Fed. R. Civ. P. 26(g)(1)).  To merit sanctions for a Rule 26 violation, the complaining party must have been prejudiced by the violation.  *See New York v. U.S. Dep't of Com.*, 461 F. Supp. 3d 80, 88 (S.D.N.Y. 2020) ("[S]anctions under Rule 26(g) are not appropriate when a party has not been harmed" by the violation) (collecting cases)).

The basis for Plaintiff's sanctions request stems from Defendant's response to one of Plaintiff's interrogatories.  Plaintiff asked Defendant to "identify the security guard who was on duty and stationed by the display at the time of the [incident]."  Ex. 5, Resp. to Pl.'s First Interrogs. 1, Dkt. 32.  Defendant responded that it did not have "sufficient information to provide a response."[11]  *Id.*; 56.1 Stmt. ¶ 38.  Plaintiff argues that because Defendant is legally obligated to maintain employment records for seven years, this response was false, and thus in violation of Rule 26(g).  Pl. Opp. 11–12.

Although the Court agrees that the identity of the security guard should have been relatively easy for Defendant to locate, the Court finds that sanctions are not warranted because

---

[10] Plaintiff misquotes Rule 26(g)(1) in her opposition brief, conflating the requirements of Rule 26(g)(1)(A) (which pertains to initial disclosures) for those of Rule 26(g)(1)(B) (which pertains to discovery responses and objections).  *See* Pl. Opp. 11.  Plaintiff does not dispute the veracity of Defendant's disclosures, for which Rule 26(g)(1) provides that that the attorney's signature constitutes the attorney's certification that it is "complete and correct as of the time it is made."  *See* Fed. R. Civ. P. 26(g)(1)(A).

[11] Defendant also objected to Plaintiff's request as "overbroad, vague, unduly burdensome and not the proper subject of an interrogatory."  56.1 Stmt. ¶ 38; O'Neill Decl. Ex. 5 at 1, Dkt. 32.

11

Plaintiff has not demonstrated that she suffered any prejudice. As Defendant correctly points out, prior to the scheduled close of discovery, Plaintiff was able to ascertain the security guard's identity during the deposition of one of Defendant's employees. *See* 56.1 Stmt. ¶ 42; Def. Reply 9; Ex. 3, Cuba Dep. 21:2-15, Dkt. 32 (providing the security guard's name). Because Plaintiff learned the identity of the security guard before the close of discovery, and could have, but did not, notice the guard's deposition or otherwise seek an extension of the discovery deadline, Plaintiff has failed to demonstrate that she was prejudiced by the delayed disclosure. *See Wisser v. Vox Media, Inc.*, 2020 WL 1547381, at *3 (S.D.N.Y. Apr. 1, 2020) (declining to impose Rule 26(g) sanctions when information not provided in interrogatory responses became available during the discovery period). Accordingly, the Court declines to impose Rule 26(g)(3) sanctions against Defendant.

Plaintiff also claims that Defendant impermissibly deleted or failed to preserve surveillance footage of the incident and thereby engaged in spoliation of evidence. Pl. Opp. 13. Plaintiff asks that the Court, as a form of sanction for the alleged spoliation, to deny Defendant's motion for summary judgment and permit an adverse inference instruction. *See id.* at 14–15. Plaintiff's request is without merit and is denied.

"[F]or sanctions to be appropriate [for spoliation of evidence], it is a necessary, but insufficient, condition that the sought-after evidence actually existed and was destroyed." *Sachs v. Cantwell*, 2012 WL 3822220, at *7 (S.D.N.Y. Sept. 4, 2012) (emphasis omitted) (quoting *Farella v. City of New York*, 2007 WL 193867, at *2 (S.D.N.Y. Jan. 25, 2007)). "[T]he mere presence of a video camera does not establish that the camera was in place to record at the time, nor does its presence establish that any recording was made at the time of the incident." *Sachs*, 2012 WL 3822220, at *7 (collecting cases).

Plaintiff has failed to show that any surveillance footage ever existed. Plaintiff offers declarations from herself and Jon Connor, a former loss prevention store detective who was employed by Defendant the month of Plaintiff's incident, along with photographs purportedly reflecting that there was a security camera mounted to the ceiling of the Store positioned so that it would have captured the incident. 56.1 Stmt. ¶ 51; Pl. Opp. 13; Pl. Decl. ¶¶ 2–3, Ex. A; Connor Decl. ¶¶ 2–3, Exs. A–B. Connor's declaration asserts that the video camera "was connected to the Store's video recording system" and streamed images to a nearby video monitor. Connor Decl. ¶¶ 2–3, Exs. A–B. Plaintiff declares that she could be seen on the video monitor when she stood where she fell; from that, she asserts that the video camera would have been able to capture the incident. Pl. Decl. ¶¶ 2–3, Ex. A. Because Defendant has not produced any such surveillance footage, Plaintiff claims, the surveillance evidence was destroyed. Pl. Opp. 13.

Plaintiff's contentions are pure conjecture. Even if the Court were to credit Plaintiff's and Connor's declarations that a video camera covering the location of the incident was connected to the Store's video recording system, there is still no evidence that the camera was actively recording on the date of the incident. *See Sachs*, 2012 WL 3822220, at *7. Connor does not claim as much: neither he nor Plaintiff asserts that the camera was recording that day, that it was functioning that day, or that any footage of the incident was recorded. *See* Connor Decl. ¶ 3. Moreover, the photographs attached to Plaintiff and Connor's declarations are undated, *see* Pl. Decl. Ex. A; Connor Decl. Exs. A–B; neither Plaintiff nor Connor asserts that the photographs reflect the camera's position on the date of the incident, *see generally id.*

Even if Plaintiff had presented sufficient evidence that there was surveillance footage of the incident that Defendant did not produce, denial of Defendant's motion for summary

13

judgment would not be appropriate. As already discussed, Plaintiff has no evidence that would warrant submitting her claim to a jury.[12]

In short, Plaintiff's motion for sanctions is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED. The Clerk of Court is respectfully directed to close the open motion at Dkt. 28 and to close this case.

**SO ORDERED.**

**Date:  July 19, 2023**
**New York, New York**

                                                                    _____
                                                                    **VALERIE CAPRONI**
                                                                    **United States District Judge**

---

[12] Nor does Plaintiff meet the requirements for an adverse inference instruction. A party seeking an adverse inference from spoliation of evidence must show through extrinsic evidence that the destroyed evidence would have been favorable to its case. *Simoes v. Target Corp.*, 2013 WL 2948083, at *6 (E.D.N.Y. June 14, 2013); *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 221 (S.D.N.Y. 2003) (corroboration requirement is necessary where the alleged destruction was negligent, grossly negligent, or reckless absent evidence of willful spoliation). Plaintiff has only claimed that that it is "not unreasonable to conclude" that the absence of surveillance footage was the result of Defendant's intentional failure to preserve it, without citing to any evidence in support. Pl. Opp. 15 n.3; *see also id.* at 13 (merely speculating about the potential contents of the surveillance footage).